IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR CAMPOS and MARY CAMPOS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5628 |
| | § | |
| BRUCKNER-MASCHINENBAU GMBH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Bruckner-Maschinenbau GmbH's Motion for Summary Judgment (Document No. 29).  Plaintiffs Victor and Mary Campos have not responded to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4.  After having reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

I.  Background

This is a products liability action arising out of a workplace accident.  In October 2001, Plaintiff Victor Campos ("Mr. Campos") was employed as a Winder Operator by BPX Films, a manufacturer of industrial films.  According to Plaintiffs' discovery responses, see Document No. 29 ex. B, at the time of the accident Mr. Campos and his crew were operating a machine that made and rolled Biaxially Oriented Polypropylene film (the "BOPP Machine").  The BOPP Machine was designed, manufactured, and sold by Defendant

Bruckner-Maschinenbau GmbH ("Defendant").  When the crew began experiencing problems with the quality of the film on the BOPP Machine, the crew temporarily stopped using the machine and cleaned its rollers.  Once the rollers were cleaned, Mr. Campos and two crew members began threading film back into the BOPP Machine.  The BOPP Machine lost power, however, and the two crew members began manually pulling the film out of the BOPP Machine.  Mr. Campos, who was standing behind the crew members, attempted to help remove the film, but his hand got caught in the film being wound onto the auxiliary winder.  As Mr. Campos attempted to free his hand, he lost his balance and fell to the floor.  His right leg then became entangled in the film being wound onto the auxiliary winder, fracturing his tibia and fibula.

    Plaintiffs assert claims for (1) strict liability design, manufacturing, and marketing defects; (2) negligent design, manufacturing, and failure to warn; (3) breach of express and implied warranties; and (4) gross negligence.  The gravamen of Plaintiffs' complaint is that Mr. Trimm was injured by the BOPP Machine because it was not equipped with a cut-off device or other safety mechanism adequate to protect against accidents like the one that injured Mr. Trimm.  *See* Document No. 29 exs. A-B.  Defendant moves for summary judgment on each of Plaintiffs' claims, asserting that there is no evidence to support one or more of the essential elements of each claim.

II.   <u>Standard of Review</u>

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  <u>Id.</u>  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." <u>Id.</u>

In order to withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 106 S. Ct. at 2552.  If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any

3

material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted. Id.

A motion for summary judgment cannot, of course, be granted simply because there is no opposition. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." Bookman v. Shubzda, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991)). As Plaintiffs' pleadings are unsworn, Plaintiffs have no competent summary judgment evidence before the Court.

III. Discussion

In its motion for summary judgment, Defendant outlines the essential elements that Plaintiffs must establish in order to prevail on each of their claims, and Defendant argues that, with respect to each claim, there is no evidence of one or more of those essential elements. See Document No. 29. Having filed no response to Defendant's motion, Plaintiffs do not dispute Defendant's contention that they have no evidence to support their claims, nor do Plaintiffs proffer any competent summary judgment evidence

4

concerning the essential elements of their claims.  Consequently, Plaintiffs have failed to raise so much as a genuine issue of material fact with respect to any of the essential elements of their claims.  Defendant is therefore entitled to summary judgment on each of Plaintiffs' claims as a matter of law.

IV.  <u>Order</u>

Accordingly, it is

ORDERED that Defendant Bruckner-Maschinenbau's Motion for Summary Judgment (Document No. 29) is GRANTED, and Plaintiffs' case is DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 28th day of November, 2005.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

5